UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MICHAEL WILSON, )
 )
       Plaintiff, )
v. ) No. 1:10-cv-1080-SEB-TAB
 )
LARRY MCKINNEY, )
 )
       Defendant. )

**Entry Discussing Plaintiff's First Motion to Challenge Judgment**

      This action was filed after December 1, 2009. It was dismissed on September 28, 2010, because the complaint failed to state a claim upon which relief can be granted. The plaintiff's motion to amend judgment (dkt 20) pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* was denied on October 15, 2010, because: "There was in this case no manifest error of law or fact, and the plaintiff does not submit newly-discovered evidence or suggest that there has been a change in the law. The court did not misapprehend the plaintiff's claim, nor did it misapply the law to that claim in light of the applicable law."

      The court has now considered the plaintiff's first motion to challenge jurisdiction. This motion was filed with the clerk on October 26, 2010. This was the 28th day after the entry of final judgment on the clerk's docket. As shown by references made in the first paragraph of the Entry issued on October 15, 2010, this motion was filed on the last day–the 28th day–a motion for relief pursuant to Rule 59(e) could be filed.

      Also as explained in the entry of October 15, 2010, whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988).

The motion to challenge judgment does not refer to a specific rule of procedure or other source by which its merit should be assessed. The motion does not rest on any of the five specific grounds and one catchall category warranting relief pursuant to rule 60(b). A motion for relief from judgment pursuant to Rule 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). It also authorizes relief for "any other reason justifying relief from the operation of the judgment." Rule 60(b), **F.R.Civ.P.** As stated, the motion to challenge judgment argues simply that the disposition the action was an incorrect application of the rules pertaining to judicial immunity. This is the grist of Rule 59(e).

The motion to challenge jurisdiction contains five numbered paragraphs and a request that the court conduct a substantive hearing for a fair determination by a jury. The resolution of a legal dispute through trial by jury is basic to our system of justice. The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." *U.S. Const. Amend. VII.* However, a plaintiff's right to a trial by jury is not violated when a court dismisses a case based on a matter of law before trial. *See Garvie v. City of Fort Walton Beach, Fla.,* 366 F.3d 1186, 1190 (11th Cir. 2004) (summary judgment context). Thus, the plaintiff must go beyond invoking a right to trial by jury in order to resurrect the case. His references to 28 U.S.C. § 1870, which states that "in civil cases, each party shall be entitled to three peremptory challenges,"and to an incorrect (overly broad) assertion of the law likewise accomplish nothing.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).The Seventh Circuit has noted that:

> [A] motion to alter or amend a judgment is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . , or to present evidence that was available earlier . . . . Instead, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *FDIC v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986).

*LB Credit Union v. Resolution Trust Corporation,* 49 F.3d 1263, 1267 (7th Cir. 1995).

Prior to the dismissal of the action, the plaintiff was placed on notice by the court and through the defendant's motion to dismiss of the evident legal insufficiency of his complaint. He had an opportunity to respond to those items and did so. The court considered the plaintiff's complaint and further filings before reaching its decision. The decision reached was not only correct, but inevitable. Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991). No plausible allegation of such circumstances was presented in this case, and the

court records of the related litigation, *Wilson v. Carson,* No. 1:10-cv-714-LJM-TAB, affirmatively show the contrary. The defendant was sued because of his ruling in No. 1:10-cv-714-LJM-TAB. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). The disposition in this action was correct, was adequately explained, and not been called into question through a showing of manifest error of law or fact or newly discovered evidence.

Accordingly, treating the plaintiff's first motion to challenge judgment as a further motion to alter or amend judgment pursuant to Rule 59(e), and finding no basis on which to grant relief from the disposition and the action, the motion (dkt 22) is **denied.**

**IT IS SO ORDERED.**

Date: 11/12/2010

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael Wilson
3830 N. Emerson
Indianapolis, IN 46205

Joseph Reid
joseph.reid@usdoj.gov